UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 0 1 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Ronald William Hyde, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:15-cv-00670 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 5/1/2015 |
| Eugene M. Thirolf *et al.*, ) | Description: Pro Se Gen. Civil (F) |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the Court to screen and dismiss a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted.

Plaintiff is an Illinois state prisoner incarcerated in Pinkneyville, Illinois. He sues former FBI Director Louis J. Freeh, who has not served in that position since 2001, former Deputy Assistant Attorney General John C. Keeney, who was retired when he died in 2011, and a third Department of Justice official, who is not in the position listed in the complaint. Plaintiff appears to seek an investigation of the conditions at the Western Illinois Correctional Center and an investigation of the Illinois Department of Corrections for tax fraud. Plaintiff states: "In the months of September-November 2014, I sent letters explaining what was happening[.]" Compl. at 5.

Plaintiff has sued the wrong defendants, but the outcome would be the same if he had named current officials. As a general rule applicable here, courts lack jurisdiction to review an

1

agency's decision whether or not to investigate claims of wrongdoing. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("In both civil and criminal cases, courts have long acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review."); *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995)) (other citation omitted); *Martinez v. U.S.*, 587 F. Supp. 2d 245, 248-49 (D.D.C. 2008) ("The FBI's decision whether or not to investigate the supposed criminal activity reported by Martinez is a discretionary function[.]"). Hence, this case will be dismissed with prejudice.[1] A separate Order accompanies this Memorandum Opinion.

Date: April 30, 2015                United States District Judge

---

[1] The disposition of this case against the named defendants does not affect plaintiff's ability to sue officials at his prison for unconstitutional conditions, but such an action should be brought in the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as the location where the offending defendants reside or where a substantial part of the events occurred).